UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TERRY R. COLE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:10CV283HEA |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Magistrate Judge Buckles' Report and Recommendation of February 11, 2011. Judge Buckles recommends that the decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed. Plaintiff has filed written objections to Judge Buckles' recommendation.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). The Court, therefore has conducted a *de novo* review of those portions of the Report and Recommendation to which Plaintiff object, pursuant to 28 U.S.C. § 636(b)(1).

The Court has reviewed the entire administrative record and the record of the pleadings filed in this matter. For the reasons set forth below, the Court adopts Judge Buckles' Report and Recommendation in its entirely.

This Court's review is limited to a determination of whether the decision of the ALJ is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir .2002).

> "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." *Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir.2001). But "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987). "'Substantial evidence on the record as a whole' ... requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler,* 735 F.2d 312, 315 (8th Cir.1984)). In reviewing the administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951), *quoted in Gavin,* 811 F.2d at 1199.
>
> In general, the claimant bears the burden of proving his or her entitlement to disability insurance benefits under the Social Security Act. 20 C.F.R. § 404.1512(a); *Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir.1991).

*Coleman v. Astrue* 498 F.3d 767, 770 (8th Cir. 2007). Substantial evidence is such evidence that a reasonable mind would find adequate to support a decision, considering evidence that detracts both from and evidence that supports the

Commissioner's decision. *Clevenger v. Social Sec. Admin.*, 567 F.3d 971, 974 (8th Cir. 2009).

Judge Buckles thoroughly sets out the procedural history and the evidence before the Administrative Law Judge, (ALJ), including Plaintiff's testimony and his Medical Records. Further, Judge Buckles correctly articulates the standard for this Court's review of an ALJ's disability determination. The Court adopts in its entirety Judge Buckles' report as to the record before the Court and the Court's review of the determination.

Plaintiff objects to Judge Buckles' reasons for recommending dismissal of the Complaint. He also objects based on all of the factors set forth in his brief that supports the Complaint. Specifically, Plaintiff argues that the Report and Recommendation fails to consider whether the ALJ properly considered medication side effects. According to Plaintiff, if the ALJ had obtained testimony from a vocational expert, the expert could have testified, as many do, that narcotics pain medication would interfere with an individual's ability to sustain work because of impaired cognition and drowsiness, both of which interfere with concentration, persistence and pace. While a vocational expert could have testified that narcotics medication would interfere with an individual's ability to sustain work, Plaintiff fails to support this speculation with any evidence in the

record that Plaintiff himself suffered from impaired cognition and drowsiness. Plaintiff's objection is overruled.

Plaintiff also urges that Judge Buckles noted that the ALJ noted that Plaintiff did not have most of the signs associated with chronic, severe musculoskeletal pain such as muscle atrophy, persistent or frequently recurring muscle spasms obvious or consistently reproducible neurological deficits such as motor, sensory or reflex loss, or other signs of nerve root impingement. Plaintiff argues that the record includes findings by Dr. Qalbani observed on September 7, 2006, that the thoracic spine exhibited spasm of the paraspinal muscles, the lumbosacral spine exhibited muscle spasms and general muscle tenderness was seen. On December 1, 2006, the neurologist at St. Louis ConnectCare noted decreased sensation to pinprick/temperature at the right L2 distribution. On December 8, 2006, Dr. Clifford, neurologist, noted objective testing included positive straight leg raise, which produced symptoms of right buttock pain radiating to right back of knee. Based on these findings, Plaintiff argues that if the ALJ needed objective evidence of spasms, sensory loss and positive straight leg raising tests, this evidence was in the record. Plaintiff fails to recognize, however, that the ALJ noted that Plaintiff did not have most signs associated with *chronic, severe* musculoskeletal pain, such as *persistent or frequently recurring* muscle

spasms. The single instance of each of the signs fails to support a finding of chronic severe musculoskeletal pain. Indeed, there is no evidence that any physician determined that Plaintiff was disabled from any gainful employment.

Plaintiff also takes issue with Judge Buckles' finding that the treatment on December 8, 2006 does not mention knee surgery, because under the heading, Problem List, Dr. Clifford wrote "right knee surgery." Plaintiff's objection is without merit. As Judge Buckles observed, although Dr. Clifford noted in the Problem List "right knee surgery," there is nothing in the record wherein Dr. Clifford was indeed recommending knee surgery based on his findings, rather, it appears that this reference is to Plaintiff's prior knee surgery. Indeed, were Dr. Clifford recommending right knee surgery, the note would also indicate that Dr. Clifford advised Plaintiff of his recommendation and would further detail the proposed scheduling of such surgery, i.e., the when, where and how of the actual performance of the surgery.

Plaintiff argues that although Judge Buckles confirmed that the ALJ must make explicit findings regarding the actual physical demands of Plaintiff's past work and compare them to his residual functional capacity, *Groeper v. Sullivan*, 92 F.2d 1234 (8th Cir. 1991), Judge Buckles specifically noted that the ALJ did not do so in this case. Plaintiff urges this fact alone requires remand. Plaintiff,

however, ignores the fact that the ALJ thereafter proceeded to an alternative step five finding which was legally sufficient. Therefore, any arguable error in the ALJ's failure to make the detailed findings at step four was remedied by his findings at step five of the analysis. Plaintiff's objection is therefore overruled.

Plaintiff further argues that the ALJ's decision must be reversed because he did not receive testimony from a vocational expert. Plaintiff fails to explain the need for this testimony in light of the fact that the ALJ specifically and extensively articulated the basis for finding that Plaintiff's claims of non-exertional pain were discredited by the medical records before him. Because the ALJ's findings of Plaintiff's claims as not credible, the reliance on the Medical-Vocational Guidelines was proper. *Baker v. Barnhard*, 457 Fed. 3d 882, 895 (8th Cir. 2005). Plaintiff's objection is accordingly overruled.

## Conclusion

Judge Buckles' Report and Recommendation carefully and meticulously examines the entire record and thoroughly discusses the law and its application to the evidence in the record. The Court agrees that ALJ's decision is based upon substantial evidence in the record. As such, Plaintiff's objections are overruled and the Court will adopt Judge Buckles' Report and Recommendation in its

entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is affirmed and this matter is dismissed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 31st day of March, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE